MARVIN, Judge.
In this action arising out of the verbal sale of a dog, the defendant dog breeder, who was found by the trial court to have purchased the dog, appeals a judgment against him for the $2,000 purchase price.
The trial court accepted plaintiffs version of the disputed “sale”, a credibility finding which we do not overturn. We find, however, that plaintiff’s version clearly shows that the sale was suspended by a condition which did not occur before the dog unexpectedly died of parvo virus. CC Arts. 2021, 2038, 2039, 2043. Under these circumstances, the risk of loss of the dog was on the seller during the existence of the suspensive condition. CC Arts. 2044, 2471.
Plaintiff purchased the german shepherd dog in January 1982 hoping that he could train it and sell it for use in law enforcement. When his hopes were not fulfilled, he contacted defendant from whom he had purchased the dog. We emphasize the plaintiff’s version of the sale. On direct examination, plaintiff said:
“The agreement we had was that he [the defendant] was going to try to sell the dog for me and he advised that at the end of that month that if he couldn’t sell the dog he wanted to buy the dog himself. So we made an agreement that I would take $2,000.00 cash for the dog and an older puppy in place of that dog for the price of that dog.”
On cross-examination plaintiff stated:
“Yes sir, he expressed a desire for the dog. [Defendant] advised me, I believe, he said, ‘he hated to see the dog sold’ that he would rather keep the dog than sell it, but he was going to try to sell it and if he couldn’t he would buy it.”
Plaintiff’s wife, who was present when the verbal agreement was made, testified:
“When I came out they were talking about it and all. Mr. Collier [the defendant] said he would take it and try to sell it and he didn’t think he’d have any trouble in selling it and if he couldn’t he wanted the dog for himself. By the end of the month he would pay us $2,000.00 plus a puppy.”
The trial court found the agreement to be “if defendant did not sell the dog to some third party within 30 days of his accepting possession of the dog, he would keep the dog and pay plaintiff ... $2,000 and give plaintiff a puppy.”
The sale, as testified to by plaintiff and his wife, and as found by the trial court, was suspensively conditioned upon defendant’s failure to find a purchaser within the month following delivery of the dog. If defendant failed to find a purchaser within that time, the obligation of defendant to pay the agreed price for the dog would become effective. Defendant picked up the dog on March 29. The dog died before the end of April and while at the risk of the seller. CC Arts. 2044, 2471.
The judgment appealed is reversed and judgment is hereby rendered for defendant rejecting the demands of plaintiff at plaintiff’s cost.